E. J. CRAWFORD *v.* ST. LOUIS & SAN FRANCISCO R. R. Co.

[59 South. 86.]

RAILROADS.  *Action for injuries.  Sufficiency of evidence.  Contributory negligence.*

Where in a suit for damages against a railroad the plaintiff makes ont a *prima facie* case, by showing that the injury was caused by a running train of defendant, and the facts introduced in evidence do not disclose with any degree of certainty how the accident occurred, it is improper to give a peremptory instruction for the defendant.

APPEAL from the circuit court of Union county.
HON. W. A. ROANE, Judge.
Suit by E. J. Crawford against the St. Louis & San Francisco Railroad Company.  From a judgment for defendant, plaintiff appeals.
This suit is brought by the appellant, for the death of his son, who was killed by a freight train of the appellee about nine o'clock at night, within the corporate limits of the town of Hickory Flat, between two public road crossings which are about one hundred yards apart.  Deceased was killed about halfway between these

two crossings, and about one hundred and fifty yards from the depot. At the point where he was struck, there was nothing to obstruct the view. There were no witnesses to the killing. According to the testimony here, he was seen a short time before the killing, leaving the depot at Hickory Flat, and witnesses say he seemed to be intoxicated. He walked up the track, and was not seen again until his dead body was found next morning by the side of the railroad, with evidences of having been struck by a passing train. When found, he had a broken whisky bottle in his pocket. The fireman and engineer both testified that they did not see him, but that they whistled for the crossings and for the station. Certain of plaintiff's witnesses testified that they heard the train whistle, and it sounded like an alarm. The train was going at a rate of speed estimated between twenty-five and forty miles an hour, and was within the corporate limits of the town of Hickory Flat when the accident occurred. After the testimony for both sides was in, the court gave a peremptory instruction to find for the defendant, on the theory that the plaintiff was guilty of contributory negligence; and from a judgment in accordance with this instruction this appeal was taken.

*Stephens & Kenneday,* for appellant.

The defendant company didn't know about the killing, had no information on the subject, until some days afterwards; the thing of violating the laws of the land was so commonplace with the employees that they didn't even think it possible that injury would result to human life, or property; although, running through an incorporated town in violation of law, although running over two public crossings at an unlawful rate of speed within the incorporated limits of said town; although and not withstanding this was an extra train, running at an early hour in the night, and on no regular schedule and

although this most unfortunate occurrence took place according to the proof, right in the very heart of the town and in front of the hotel, the employees having control of the train did not seem to have the slightest misgiving as to the probable outcome of such wanton, wilful and reckless disregard of human life and property as was involved in the unlawful running of said train in and through said town on that fatal night in March; but counsel for appellee were careful to develop the fact that the first fifteen feet immediately in front of a moving engine got'no benefit from the headlight of that engine, but that darkness prevailed and covered that fifteen feet of space throughout the night and until driven away by the sunlight of the following day; and that this shadow afforded the means of deceased getting onto defendants track and in front of that fast moving train without the knowledge of either the engineer, fireman, or other members of the crew. Is this believable? Is it satisfactory to the ordinary mind? Is it not wild conjecture? Isn't it vague, indefinite and uncertain even from defendant's proof as to just how deceased came to his death? We most respectfully submit that the case should have been submitted to the jury under all facts and circumstances proven for their determination, etc. But the idea of deceased getting onto the track under cover of that engine shadow, and avoiding the observation of those in charge, was a feat and stunt, at least twenty-five years in advance of anything of our present day time, with all of its automobiles, steam locomotion and flying machines, for according to the proof in the case deceased was on the south bank, fourteen feet from the track, could not get closer to the track without being seen by the engineer or fireman, unless he waited until the train got within fifteen feet of him which he did, and then traveled as fast, or faster on foot than the train did by rail and got on the track in time to be run over and killed by said engine; and this is what the evi-

dence means if it means anything at all. I venture that the average man handling an engine moving through an incorporated and thickly settled town at the rate of thirty-five or forty miles an hour in the night, would be so expectant and anxious over the situation as to take fright over the least irregularity, or jar of the engine and yet this engine strikes the deceased with such momentum as to literally drive his body through cinders and mud a distance of fifty or sixty feet without disturbing the reckless spell which most thoroughly possessed this entire train crew. If this explanation explains; if this state of facts exonerates the defendant company from blame for the killing of Robert Crawford on that fatal night in March, then our public service corporations are under no legal restraints, subject to no statutory regulation or control, fearing neither man, nor law, they become a law unto themselves and displace statutes, smile on the courts and avoid the juries.

*W. F. Evans* and *J. W. Buchanan,* for appellee.

As the appellant, by his own testimony, shows that some kind of signals were given by the engineer, and in addition to this, his own witnesses, who lived some two hundred yards from the railroad, distinctly heard the approaching train that night, we must conclude that the accident to deceased was evidently caused by his failure to even take any precaution whatever for his safety.

This court in the case of *A. G. S. R. R.* v. *Hunnicut,* reported 53 So. lays down the rule that the *prima facie* presumption created by the statute can be overcome by circumstantial evidence, but it should be convincing, full and complete.

Under this subsection of our brief we have again called the attention of the court to the testimony of the witnesses to show that there can be no reasonable doubt that the deceased came to his death while attempting to cross the track from the south to the north side, and

as he put his foot inside the rail on the south side he was hit by the passing engine. All the physical facts demonstrate this, and there can be no conjuncture or surmise as to how the deceased came to his death. As he came down the embankment from the south side, the engineer being on the right of his engine going north, it could not have been negligence on his part not to have seen the deceased. In fact, if he had seen him at that particular time, it would have been impossible for him to have stopped his train and prevented the injury. Even taking the testimony of appellant alone, there certainly were signals given, which should have been sufficient warning to any reasonably sane man not to attempt to cross the track at that place, and if he had been on the track, as supposed by the appellant, he could easily have escaped the injury.

This calamity evidently was caused by the drunken condition of the deceased at the time of the accident, and while this is unfortunate, his relatives who bring this suit have no one to blame but the deceased himself.

SMITH, J., delivered the opinion of the court.

The facts introduced in evidence in the court below do not disclose, with any decree of certainty, how this accident occurred, or what deceased was doing at the time of his injury. Conseqquently it is impossible for the court to say, as matter of law, that he was guilty of contributory negligence; and since a *prima facie* case for appellant was made out under the statute, the court ought not to have granted the peremptory instruction, and therefore its judgment is reversed, and the cause remanded.                    *Reversed and remanded.*

Suggestion of error filed and overruled.